**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE CHESTNUT GRAND LAND TRUST, et al., | Case No. SA CV 16-0013 CJC (JCGx) |
| Plaintiffs, | **ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |
| v. | |
| GLEN STERN, | |
| Defendant. | |

The Court will summarily remand this unlawful detainer action to state court because Defendant removed it improperly.

On January 6, 2016, Glen Stern ("Defendant"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented a request to proceed *in forma pauperis*. [Dkt. Nos. 1, 4.] The Court has denied the latter application under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

//

1

Simply stated, Plaintiff could not have brought this action in federal court in the first place, and so removal is improper. Notably, even if complete diversity of citizenship exists, Defendant cannot properly remove the action because Defendant resides in the forum state. (*See* Notice at 1); *see also* 28 U.S.C. § 1441(b)(2).

Nor does Plaintiff's unlawful detainer proceeding raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441. Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff's underlying complaint asserts a cause of action for unlawful detainer. [*See* Dkt. No. 1 at 10-12.] "Unlawful detainer is an exclusively state law claim that does not require the resolution of any substantial question of federal law." *Martingale Invs., LLC v. Frausto*, 2013 WL 5676237, at *2 (C.D. Cal. Oct. 17, 2013). In the Notice, Defendant claims that Plaintiff's action implicates Defendant's rights under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"). (Notice at 2.) However, the PTFA does not appear on the face of Plaintiff's well-pleaded complaint, and thus may not serve as a basis for federal-question jurisdiction. [*See* Dkt. No. 1 at 10-12]; *see also Caterpillar*, 482 U.S. at 392; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that federal-question jurisdiction "cannot be predicated on an actual or anticipated defense" nor on "an actual or anticipated counterclaim").

Thus, there is no basis for removal under 28 U.S.C. § 1441(a).

//

//

//

//

//

//

//

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, County of Orange, Central Justice Center, 700 Civic Center Drive West, Santa Ana, CA 92701, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

DATED: January 8, 2016

_____

HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE